IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARRON HAYNES,**

                **Petitioner,**

        v.                            CASE NO.  12-3149-RDR

**CLAUDE MAYE,**

                **Respondent.**

### O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas.  Petitioner is currently serving a sentence imposed in the Western District of Missouri upon his conviction of a drug offense.  He claims that "the government failed to file the requisite information under § 851(b)" prior to his entry of plea, and as a consequence "the sentencing court lacked jurisdiction" to impose an enhanced sentence under the career offender provision of § 841(a).

Even though petitioner baldly states that he is attacking the execution of his sentence, the allegations in his petition are clearly challenges to the legality, and not the execution, of his federal sentence.  28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court
> . . . claiming the right to be released upon the ground
> that the sentence was imposed in violation of the
> Constitution or laws of the United States . . . or is
> otherwise subject to collateral attack, may move the court

>   which imposed the sentence to vacate, set aside or correct
>   the sentence.

*Id.* That section additionally provides:

>   An application for writ of habeas corpus in behalf of a
>   prisoner who is authorized to apply for relief by motion
>   pursuant to this section, shall not be entertained if it
>   appears that the applicant has failed to apply for relief,
>   by motion, to the court which sentenced him . . . . unless
>   it also appears that the remedy by motion is inadequate
>   or ineffective to test the legality of his detention.

*Id.* It should be clear from the above statutory provisions that a motion under § 2255 must be filed in the district court that imposed sentence and is the "exclusive remedy" for challenging a federal sentence unless there is a showing that the remedy is inadequate or ineffective. *See 28 U.S.C. § 2255; Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). The remedy under § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A § 2241 petition has a distinct purpose from a § 2255 motion, and attacks the execution of a sentence rather than its validity. Claims appropriately brought under § 2241 include challenges to sentence credit or good time calculations, disciplinary sanctions, and parole decisions. A § 2241 Petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964).

Petitioner does not disclose whether or not he raised his claims

on direct appeal to the Eighth Circuit Court of Appeals. Nor does he disclose if he has already litigated his claims by § 2255 motion in the sentencing court, the denial of which could also be appealed to the Eighth Circuit. Even if petitioner had "exhausted" his direct criminal appeals and his remedy under § 2255, he would not be entitled to additional review by this court under § 2241 of challenges to his sentence that was imposed by a different federal district court in another judicial district. Furthermore, it is well-settled that the fact that a federal inmate may be precluded from filing a second and successive or an untimely § 2255 motion does not establish that the remedy is ineffective. *Sines v. Wilner*, 609 F.3d 1070 (10th Cir. 2010); *see Bustillo v. Hood*, 168 Fed.Appx. 255, 256 (10th Cir.)(unpublished opinion cited as persuasive not binding), *cert. denied*, 547 U.S. 1159 (2006); *Caravalho*, 177 F.3d at 1178. Even an erroneous decision on a § 2255 motion does not render the § 2255 remedy ineffective. *See Sines*, 609 F.3d at 1073. In sum, this court simply does not have jurisdiction to hear petitioner's challenges to his federal sentence entered by another federal district court. Haugh, 210 F.3d at 1150.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted provisional leave to proceed in forma pauperis for the sole purpose of dismissing this action.

**IT IS FURTHER ORDERED** that this action is dismissed and all

relief is denied, without prejudice.[1]

**IT IS SO ORDERED.**

**DATED:  This 20th day of July, 2012, at Topeka, Kansas.**


                                    s/RICHARD D. ROGERS
                                    United States District Judge

---

[1]   The court declines to construe this as a § 2255 motion and transfer it to the sentencing court because it appears from the docket in his criminal case that Mr. Haynes has pro se post-judgment motions already pending before the sentencing court.  In addition, he might risk having any subsequent motion treated as second and successive.  He alleges no reason why he cannot file a § 2255 motion in the sentencing court.  He has not submitted a filing fee to this court, and thus does not lose his fee if the matter is not transferred.